**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>MIKEL BRETT JEPSEN et al.,<br><br>       Defendants. | Case No. 1:06 cr 21 DB<br><br>**ORDER AND MEMORANDUM DECISION**<br><br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

Before the court are a number of motions filed by Mikel Jepsen.[1]  The court addresses each of these in turn.

**I.  Defendant's Motions Regarding Daubert Issues.**

Defendant has filed two motions relating to Daubert.[2]  These are first a "motion for disclosure of expert reports and motion for Daubert"[3] and second, a motion for Daubert hearing.[4] Defendant seeks a hearing concerning the "admissibility of the government's proposed expert witnesses."[5]  In response, the Government specifies who will be testifying and provides a Curriculum Vitae for Officer Boelter who has testified frequently in cases involving methamphetamine laboratories.

---

[1] Docket nos. 75, 76, 77, 78, 79, 80, 83.
[2] *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993).
[3] Docket no. 75.
[4] Docket no. 76.
[5] Mtn. p. 1.

The court agrees with the Government's argument that the "theory and methodology underlying the evidence [in this case] is neither new or novel."[6]  There is no need to hold a Daubert hearing to determine the threshold requirements for admissibility of the evidence in this case.  Accordingly, a preliminary evidentiary hearing is unnecessary.[7]  Defendant can raise any legitimate Daubert concerns at trial.  Accordingly, Defendant's Daubert motions are DENIED at this time.

## II.  Motion for Disclosure of Rule 404(b) Notice

Defendant seeks notice from the Government prior to trial about what Rule 404(b) evidence the Government is likely to use at trial.  In response the Government provides notice of its intent to use 404(b) evidence and for what purposes such evidence shall be used.  Accordingly, the court finds Defendant's motion for disclosure of Rule 404(b) notice now moot.

## III.  Defendnat's Motion for Discovery

Pursuant to Rule 16 of the Utah Rules of Criminal Procedure Defendant seeks discovery.  In its response the Government outlines a statement of policy concerning discovery which according to the Government "eliminates the need for the defendant to make a written request for materials discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure."[8]  The Government then goes on to outline what discovery is being provided Defendant and states that

---

[6] Op. p. 3.
[7] See U.S. v. Nichols, 169 F.3d 1255, 1263 (10th Cir. 1999) (affirming decision of the trial court to not hold a preliminary evidentiary hearing because the challenged evidence did not involve new scientific theories or testing methodologies).
[8] Gov. Response p. 2.

if there are any disagreements about discovery then the parties can seek the assistance of the court.

After reviewing the Government's policy and the list of what is to be provided to Defendant, the court agrees that Defendant's formal request for discovery is unnecessary.  It appears the items Defendant seeks are being provided and if there is a dispute in the future concerning any outstanding relevant items then the court will handle such matters when they are ripe for decision.  Accordingly, the court finds Defendant's motion for formal request for discovery MOOT.

## IV.  Defendant's Motion to Suppress and Motion for Franks Hearing

Defendant contends the material allegations made in the search warrant that was used to search Defendant's premises are false.  Defendant seeks a "Franks hearing" on "the probable cause to issue a search warrant, and the veracity of the affidavit to issue the same."[9]  Finally, Defendant argues that under the "fruit of the poisonous tree" doctrine all other evidence seized as a result of the illegal search warrant should be suppressed.

In *Franks v. Delaware*,[10] the Supreme Court noted that there is a "presumption of validity with respect to the affidavit supporting [a] search warrant."[11]  A defendant, however, may challenge the affidavit supporting a warrant if certain requirements are met.  "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations

---

[9] Mtn. p. 6.
[10] 438 U.S. 154, 98 S.Ct. 2674 (1978).
[11] *Id.* at 171.

must be accompanied by an offer of proof."[12]  Next, a defendant is to provide the court a sworn statement supporting the allegations that specific portions of the affidavit were false or made in reckless disregard for the truth.  And finally, even if a defendant meets the first two steps, a hearing is still unnecessary if the remaining material in the affidavit-considered after setting aside that which is false or reckless-is sufficient to establish probable cause for issuing the warrant.[13]

Here, Defendant has failed to provide the court with a sworn statement specifically contesting the search warrant and supporting the allegations that it was made based on false statements or in reckless disregard for the truth.  Accordingly, the court gives Defendant until Jaunary 4, 2008, to file an appropriate sworn statement with the court or the court will deny Defendant's motions to suppress and quash search warrant.[14]

IT IS SO ORDERED.

DATED this 14th day of December, 2007.

Brooke C. Wells
United States Magistrate Judge

---

[12] *Id.*
[13] *See id.*
[14] Docket nos. 78, 79, 80.